USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

DANIEL NIKAC,
SEFKIJA VUCETOVIC,
MUSA GASHI,
LIRIDON GASHI,
ADEM GJEVUKAJ, and
MIRALEM LJULJANOVIC,

*Defendants.*

**Protective Order**

**26 Cr. 113 (MKV)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

## Categories

1. **Disclosure Material.**  The Government will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material."  The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) may be produced with more limited redactions than would otherwise be necessary; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2023.11.26

2.  **Attorney's Possession Only ("APO") Material.**  Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations.  Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material."

3.  **Attorney's Eyes Only ("AEO") Material.**  Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations.  Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material."

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

### Disclosure and Treatment

4.  Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel (the "defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.  The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

5.  APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendants, except in the presence of the defendants' counsel and

2023.11.26

any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendants, their counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein. APO Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.

6. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendants, except for any personnel for whose conduct defense counsel is responsible. AEO Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.

**Other Provisions**

7. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

8. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

2023.11.26

10. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.  If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has received, including pursuant to warrants issued during the course of the investigation, from various computers, cellphones, and other devices and storage media.  This ESI was obtained from DANIEL NIKAC, SEFKIJA VUCETOVIC, MUSA GASHI, LIRIDON GASHI, ADEM GJEVUKAJ, and MIRALEM LJULJANOVIC.  Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such ESI, which shall be deemed APO Material unless otherwise designated.

*Intentionally blank*

4

2023.11.26

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____          Date:   April 6, 2026
Joseph H. Rosenberg
Assistant United States Attorney

SO ORDERED:

Dated: New York, New York
       April 17 , 2026

_____
THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

5

2023.11.26

## **Consent to Entry of Protective Order**

I, John P. Buza, Esq., have read and reviewed the proposed Protective Order in the case of *United States v. Daniel Nikac, et al.*, 26 Cr. 113 (MKV), and I consent to the entry of the Order on behalf of my client, Daniel Nikac.


John P. Buza, Esq.
Attorney for Defendant Daniel Nikac

2023.11.26

## **Consent to Entry of Protective Order**

I, Evan L. Lipton, Esq., have read and reviewed the proposed Protective Order in the case of *United States v. Daniel Nikac, et al.*, 26 Cr. 113 (MKV), and I consent to the entry of the Order on behalf of my client, Sefkija Vucetovic.

Evan L. Lipton, Esq.
Attorney for Defendant Sefkija Vucetovic

2023.11.26

## Consent to Entry of Protective Order

I, James E. Neuman, Esq., have read and reviewed the proposed Protective Order in the case of *United States v. Daniel Nikac, et al.*, 26 Cr. 113 (MKV), and I consent to the entry of the Order on behalf of my client, Musa Gashi.


*James Neuman*
James E. Neuman, Esq.
Attorney for Defendant Musa Gashi

2023.11.26

**<u>Consent to Entry of Protective Order</u>**

I, N. Keith White, Esq., have read and reviewed the proposed Protective Order in the case of *United States v. Daniel Nikac, et al.*, 26 Cr. 113 (MKV), and I consent to the entry of the Order on behalf of my client, Liridon Gashi.

_____

N. Keith White, Esq.
Attorney for Defendant Liridon Gashi

2023.11.26

## **Consent to Entry of Protective Order**

I, Lisa Scolari, Esq., have read and reviewed the proposed Protective Order in the case of *United States v. Daniel Nikac, et al.*, 26 Cr. 113 (MKV), and I consent to the entry of the Order on behalf of my client, Adem Gjevukaj.

_____
Lisa Scolari, Esq.
Attorney for Defendant Adem Gjevukaj

2023.11.26

**Consent to Entry of Protective Order**

I, Marisa K. Cabrera, Esq., have read and reviewed the proposed Protective Order in the case of *United States v. Daniel Nikac, et al.*, 26 Cr. 113 (MKV), and I consent to the entry of the Order on behalf of my client, Miralem Ljuljanovic.


*Marisa K. Cabrera*
_____
Marisa K. Cabrera, Esq.
Attorney for Defendant Miralem Ljuljanovic

2023.11.26